ROBAINA & KRESIN PLLC
One E. Camelback Road, Suite 710
Phoenix, Arizona 85012
Telephone: (602) 682-6450
Facsimile:  (602) 682-6455
dck@robainalaw.com
David C. Kresin (019858)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald W. Dowdy, an individual,<br><br>               Plaintiff,<br><br>vs.<br><br>TriVis, Inc., a corporation,<br><br>               Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff Gerald W. Dowdy for his Complaint alleges as follows:

1. Gerald W. Dowdy is an individual who at pertinent times was employed in Maricopa County, Arizona.

2. Upon information and belief, TriVis, Inc. is an Alabama corporation doing business in Maricopa County, Arizona.

3. This action is brought in part under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

4. From approximately November 2009 to May 24, 2011, Defendant employed Plaintiff as a full-time Manager of Nuclear Services, charged with managing, developing, and delivering services to the commercial nuclear industry.

5. During pertinent portions of Plaintiff's employment, Defendant employed Plaintiff to provide services at Palo Verde Nuclear Power Plant.

6. Throughout Plaintiff's employment, he frequently worked in excess of forty (40) hours per week. For example, the week of April 19-25, 2010, Plaintiff worked

thirty-seven (37) hours of overtime, for which payment was due on or after April 30, 2010.

7. Plaintiff's employment did not meet the requirements of any exemption under the FLSA.

8. Nevertheless, Defendant failed to pay Plaintiff compensation, much less overtime compensation, for hours worked in excess of forty (40) hours per week.

9. On May 24, 2011, through its representative Patrick Smith, Defendant first notified Plaintiff that Defendant was terminating his employment.

10. On May 27, 2011, Plaintiff received his usual direct deposit of his compensation for the pay period of May 9-May 22, 2011.

11. Subsequently, Defendant withdrew from Plaintiff's account the same amount of funds that had been deposited on May 27, 2011.

12. Defendant never re-paid Plaintiff the compensation due for his employment from May 9-May 22, 2011 and never paid Plaintiff the compensation due for the last two days of his employment.

13. Plaintiff's claims herein arise out of contract and under the FLSA, and Plaintiff is therefore entitled to recover his attorneys' fees incurred herein pursuant to A.R.S. § 12-341.01 and/or 29 U.S.C. §216, respectively.

## Count One (Arizona Wage Act Violation)

14. Plaintiff incorporates herein all previous allegations in this Complaint.

15. At all relevant times, Plaintiff was an employee performing services under the Arizona Wage Act, A.R.S. § 23-350 *et seq.*

16. At all relevant times, Defendant was an employer employing Plaintiff under the Arizona Wage Act, A.R.S. § 23-350 *et seq.*

17. Plaintiff's compensation were wages under the Arizona Wage Act, A.R.S. § 23-350 *et seq.*

18. Defendant violated A.R.S. §§ 23-352 and 23-353 by withholding or diverting all or a portion of Plaintiff's wages.

19. Plaintiff is entitled to treble damages under A.R.S. § 23-355.

20. Plaintiff's claim against Defendant herein arises out of contract and Plaintiff is entitled to recover his attorneys' fees incurred herein pursuant to A.R.S. § 12-341.01.

## **Count Two (Overtime Violation)**

21. Plaintiff incorporates herein all previous allegations in this Complaint.

22. At all relevant times, Defendant was a covered employer under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

23. At all relevant times, Plaintiff was an individual employee covered under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

24. Defendant failed to pay Plaintiff overtime compensation for all work weeks in which Plaintiff worked in excess of forty (40) hours.

25. Defendant's conduct described above was willful.

26. Plaintiff is entitled to recover his unpaid overtime compensation and an equal amount as liquidated damages.

27. Plaintiff is entitled to recover his attorneys' fees and related expenses pursuant to A.R.S. § 12-341.01 and 29 U.S.C. § 216.

## **Count Three ( Conversion)**

28. Plaintiff incorporates herein all previous allegations in this Complaint.

29. By taking Plaintiff's money out of his account, Defendant intentionally exercised and continues to exercise dominion or control over Plaintiff's personal property described herein, seriously interfering with Plaintiff's right to control his personal property such that Defendant must pay the full value of the personal property.

30. Defendant's interference with Plaintiff's personal property was unwarranted.

31. Upon information and belief, Defendant has used, consumed, or otherwise disposed of Plaintiff's property for Defendant's own personal benefit.

32. As a result of Defendant's conversion of Plaintiff's personal property, Plaintiff has suffered damages in an amount to be proven at trial.

33. Plaintiff demands a jury trial on all issues triable to a jury.

WHEREFORE, Plaintiff prays for judgment against Defendant TriVis, Inc. as follows:

- A. For an award of damages resulting Defendant's wrongful withholding, diverting, and/or conversion of Plaintiff's compensation;
- B. For an award of treble damages under Count One;
- C. For an award of unpaid overtime compensation;
- D. For an award of liquidated damages under Count Two;
- E. For an award of attorneys' fees and related expenses;
- F. For an award of prejudgment and post-judgment interest;
- G. For an award of Plaintiff's costs of suit incurred herein; and,
- H. For an award of such other relief as the Court may deem just and proper.

DATED this 23rd day of April, 2012.

ROBAINA & KRESIN PLLC

By /s/David C. Kresin
David C. Kresin
Attorneys for Plaintiff